S. A. WOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35128.   Promulgated March 4, 1931.

*Barry Mohun, Esq.*, and *George E. Elliott, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LOVE: In this case petitioner admittedly is placed in an embarrassing position. As executor of the estate of McBride, he executed income tax returns prepared by an accountant, which returns disclose the fact that the items here in controversy were charged up against said estate income, and taken as expense deductions, and were so allowed by the Commissioner. Petitioner now claims that he never in fact received any part of those items. In his testimony at the hearing, he was examined and cross-examined, and swore specifically and positively that he had not received that money. In view of the manner of his testimony, as well as the character of the man as disclosed by the evidence in the case, we believe that he did not receive the money. After the first year of service by petitioner to the estate, he did not perform those extra duties for which the extra compensation was granted him by the court, and hence, for the succeeding years he was not entitled to such additional compensation. He did not deem himself entitled to it, and decided in advance not to take it, and did not take it, and hence it was never income to him.

With reference to the item of interest on notes held by petitioner against the estate, he, as executor, did not voucher such payments to himself in the taxable years, nor were such payments credited to his account. It may be true that such interest was then due, and while there is no evidence to the effect that no money was available to pay such interest, the evidence is clear that petitioner, as executor, was short of funds to such an extent that at times he borrowed money on his own responsibility to tide over the periods in which there was scarcity of funds. Under such conditions, we do not believe there was any constructive receipt of such money, and it is clear that there was no actual receipt within the taxable years, and hence, there was no tax liability incurred by reason of that item in the taxable years. Cf. *Seward Prosser*, 7 B. T. A. 734.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

Murdock dissents.